**SIGNOR TIE CO. v. TEXAS IRON ASS'N.**
**(No. 2247.)**

(Court of Civil Appeals of Texas. Texarkana.
June 3, 1920.)

**Appeal and error ⟨=⟩1011(1)—Finding on conflicting evidence conclusive.**

There being sufficient evidence to justify the finding, it is conclusive notwithstanding conflicting evidence.

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Action by the Texas Iron Company against the Signor Tie Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Bibb & Caven, of Marshall, for appellant. E. A. Allday and Hugh Carney, both of Atlanta, for appellee.

HODGES, J. The appellee sued the appellant to recover the sum of $984.51 as the balance due for a lot of railroad cross-ties sold to the appellant in October, 1914, and March, 1915. In its original petition the appellee alleged that the ties were delivered to the appellant under the terms of an express contract specifying the grades and prices. In addition to exceptions and a general denial, the appellant specially pleaded that the ties sued for had been purchased by it from one Estel Vance, alleging that Vance was the sole owner and had a right to make the sale. To this special plea the appellee filed a general denial. In a trial before the court judgment was rendered in favor of the appellee for the full amount of the debt, together with legal interest thereon to the date of the trial. The court filed the following findings of fact:

"First. I find that the Texas Iron Association sold and delivered to Geo. W. Signor Tie Company, by negotiation through letters and over phone all the ties said iron association owned on or about October 15, 1914, on the right of way of the Texas & Pacific Railway near Springdale, Tex., for the following prices, to wit: 28 cents for first-class red oak ties; culls at 8 cents; 36 cents for white oak ties; 14 cents for culls; said ties subject to inspection and acceptance by Texas & Pacific inspector.

"Second. I find that the said Texas & Pacific inspector took after inspection on October 15, 1914, 1,297 first-class red oak ties and 97 culls; on March 20, 1915, 5,817 first-class red oak ties, 541 red oak culls, 2,771 first-class white oak ties, 389 white oak culls, 190 first-class red oak ties, 221 red oak culls, 1,544 first-class white oak ties, 895 white oak culls.

"Third. I find that a correct invoice of all above ties amounts to the sum of $3,847.00.

"Fourth. I find that defendant paid thereon the sum of $2,953.91, and is entitled to a further credit of $11.48 extra leading charges, leaving a balance due of $881.61 principal, with $250.07 interest to date of judgment, said principal and interest amounting to the sum of $1,131.68.

"Fifth. I find that it was claimed by defendant that it had purchased prior to the time said ties were inspected and taken up by it from Estel Vance $984.51 worth of said ties at above prices, and that said ties did not belong to plaintiff at said time; and on said contention I find that prior to the time defendant claims to have purchased this amount of said ties from said Vance the plaintiff had theretofore legally acquired title and possession of the same, and that said Vance did not have the right to sell them to defendant."

It is claimed in this appeal that the evidence shows that the appellant had purchased the ties in controversy some time before it made any contract with the appellee, and if the latter had any cause of action it was for a conversion. The testimony upon that issue is conflicting. There was sufficient evidence to justify the court in finding that the ties were sold and delivered to the appellant after the contract was made between the parties to this suit.

The remaining assignments, we think, are without merit, and the judgment will be affirmed.